```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DAMON WILLIAMS,<br><br>               Petitioner,<br><br>   v.<br><br>STATE OF NEW JERSEY,<br><br>               Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-3195 (JBS)<br><br>**OPINION** |

APPEARANCES:

Damon Williams, Petitioner pro se
#4298232
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

    Petitioner Damon Williams filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as well as a motion for injunctive relief requesting that the Court order his release from Camden County Correctional Facility and enjoin the State of New Jersey from proceeding with Petitioner's criminal trial. Petition, Docket Entry 1; Motion for Injunctive Relief, Docket Entry 4. For the reasons expressed below, the motion is denied and the petition is dismissed without prejudice.

## II. BACKGROUND

On September 2, 2014, Petitioner was charged via Complaint-Warrant with second-degree robbery, N.J. STAT. ANN. § 2C:15-1(a). Exhibit C, Motion for Injunctive Relief. Representatives of the Camden County Prosecutor's Office presented the charges to a grand jury, and the grand jury returned an indictment on an unknown date. Petition ¶ 12.

Petitioner filed a motion to dismiss the indictment on September 8, 2015 alleging that the assistant prosecutor and detective had "intentionally deceived the grand jury by misrepresenting the time the crime occurred, and [withheld] exculpatory evidence that place[d] [Petitioner] at the hospital one minute after the crime occurred four miles away from the crime scene." *Id.* ¶ 12(g). He filed a motion to suppress on January 28, 2016 alleging that the "arrest warrant was issued in reliance of false information that [Petitioner's] fingerprint was a match to fingerprint evidence found at the crime scene." *Id.* The motion to dismiss the indictment and motion to suppress the fingerprint evidence were denied on January 22, 2016 and March 2, 2016, respectively. *Id.* ¶ 12(f). Petitioner indicates he submitted a grievance to the Attorney General's Office, *id.* ¶ 7, but he did not move for leave to appeal to the New Jersey Superior Court Appellate Division ("Appellate Division"). *Id.* ¶ 8(b).

Petitioner thereafter filed this petition alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights. He asserts the assistant prosecutor and detective knowingly presented false evidence to the grand jury in order to obtain an indictment, the arrest warrant was based on falsified evidence, and the record support technician lied about Petitioner's fingerprint matching the crime scene print during the motion to suppress. Petition ¶ 13. In a supplemental brief, Petitioner asserts that surveillance footage from the bank contradicts a state witness's version of events. Supplemental Brief, Docket Entry 3.

On February 15, 2017, Petitioner filed a Motion for Injunctive Relief asking the Court to enjoin the state proceedings against him.

### III. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

3

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

"The decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Injunctive relief, however, remains "'an extraordinary remedy never awarded as of right.'" *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). A party seeking a temporary or preliminary injunction "'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* (quoting *Winter*, 555 U.S. at 20).

**IV.   ANALYSIS**

Petitioner raises three grounds for relief in his petition:

> I.   Detectives violated the [Petitioner's] clearly established constitutional rights not to be deprived of his liberty or property or to be arrested, detained, or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth, and Fourteenth Amendments by conspiring to fabricate and forward to the

4

        arresting officer known false evidence and information certain to influence a finding of probable cause.

  II.  It is firmly established that a constitutional right exist [sic] not to be deprived of liberty on the basis of false evidence fabricated by a government officer. Detective Fallon and Record Support Technician Sheryl Klemowitz gave untruthful, erroneous, and/or misleading testimony regarding fingerprint evidence in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments.

  III.  Plaintiff's liberty was impaired by fabrication of evidence being used by introducing it in evidence before the grand jury, and by A/P Nevan Soumilas, and Det. Ferris deliberately supplied misleading information that influenced the grand jury's decision, in violation of the right to grand jury indictment under the Fifth and Fourteenth Amendments.

Petition ¶ 13. He argues he is being irreparably harmed by the withholding of exculpatory material, creation of incriminating evidence, and "suffering a[n] increasing risk of being required to undergo the rigors of trial to vindicate my claims that jurisdiction is lacking for the state to bring any criminal charges against petitioner." Declaration in support of Injunctive Relief ¶ 8.

    District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in

5

the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445-46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

Petitioner admits he has not presented his claims to the Appellate Division and New Jersey Supreme Court. Petition ¶¶ 8-9. "'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Moore*, 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held . . . should be appealed to in the first instance." *Id.* at 442-43 (internal quotation marks and citations omitted). As Petitioner's claims have not been exhausted in the state courts, the Court will not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

Petitioner alleges violations of the Fourth, Fifth, and Fourteenth Amendments. He has not presented anything indicating that the state courts are incapable of addressing his arguments,

6

stating only that he "lacks the ability and resources necessary to file a timely interlocutory appeal." Petition ¶ 8(b). After reviewing the petition, supplemental brief, and injunctive relief motion, the Court concludes there are no extraordinary circumstances warranting federal intervention in Petitioner's state criminal case at this time. Federal habeas proceedings should not be used as a "'pre-trial motion forum for state prisoners,'" or to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

The Third Circuit has held in other pre-trial habeas actions that requiring defendants to "undergo the rigors of trial" does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies. *Moore*, 515 F.2d at 446. "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Id.* at 449.

As Petitioner has not shown extraordinary circumstances warranting federal intervention at this time, the petition will

7

be dismissed without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[1] As he has not demonstrated a likelihood of success on the merits of his petition, his request for preliminary injunctive relief is denied. Fed. R. Civ. P. 65. *See also Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012) ("The moving party's failure to show a likelihood of success on the merits must necessarily result in the denial of a preliminary injunction." (internal quotation marks omitted)).

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

---

[1] The Court expresses no opinion as to whether any forthcoming petition has otherwise met the requirements of § 2254.

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failing to exhaust state court remedies is correct.

## V. CONCLUSION

For the reasons expressed above, this Court will dismiss the petition without prejudice and deny the motion for injunctive relief. No certificate of appealability shall issue.

An accompanying Order will be entered.

**February 21, 2017**              **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                           Chief U.S. District Judge