```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                            :
DAMON WILLIAMS,             :
                            :
        Petitioner,         :    Civ. No. 16-3195 (NLH)
                            :
   v.                       :    OPINION
                            :
STATE OF NEW JERSEY,        :
                            :
        Respondent.         :
_____:
```

APPEARANCES:

Damon Williams
4298232
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

    Petitioner Pro se

HILLMAN, District Judge

    This matter comes before the Court on Petitioner Damon Williams' motion for reconsideration from the order dismissing his habeas corpus petition under 28 U.S.C. § 2241. ECF No. 7.[1] For the reasons that follow, the Court will deny the motion.

---

[1] Petitioner captions his motion a 'motion for reconsideration," but cites Federal Rule of Civil Procedure 60(b)(6). Therefore, the Court will consider the motion as a motion for relief from judgment under Rule 60(b)(6).

I.  BACKGROUND

The Honorable Jerome B. Simandle, D.N.J.,[2] set forth the history of this matter in his February 21, 2017 Opinion and Order dismissing the petition:

> On September 2, 2014, Petitioner was charged via Complaint-Warrant with second-degree robbery, N.J. STAT. ANN. § 2C:15-1(a). Representatives of the Camden County Prosecutor's Office presented the charges to a grand jury, and the grand jury returned an indictment on an unknown date.
>
> Petitioner filed a motion to dismiss the indictment on September 8, 2015 alleging that the assistant prosecutor and detective had "intentionally deceived the grand jury by misrepresenting the time the crime occurred, and [withheld] exculpatory evidence that place[d] [Petitioner] at the hospital one minute after the crime occurred four miles away from the crime scene." He filed a motion to suppress on January 28, 2016 alleging that the "arrest warrant was issued in reliance of false information that [Petitioner's] fingerprint was a match to fingerprint evidence found at the crime scene." The motion to dismiss the indictment and motion to suppress the fingerprint evidence were denied on January 22, 2016 and March 2, 2016, respectively. Petitioner indicates he submitted a grievance to the Attorney General's Office, but he did not move for leave to appeal to the New Jersey Superior Court Appellate Division ("Appellate Division").
>
> Petitioner thereafter filed this petition alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights. He asserts the assistant prosecutor and detective knowingly presented false evidence to the grand jury in order to obtain an indictment, the arrest warrant was based on falsified evidence, and the record support technician lied about Petitioner's fingerprint matching the crime scene print during the motion to suppress. In a supplemental brief, Petitioner asserts that surveillance footage from the bank contradicts a state witness's version of events.

---

[2] This matter was reassigned to the undersigned on March 1, 2021.

> On February 15, 2017, Petitioner filed a Motion for Injunctive Relief asking the Court to enjoin the state proceedings against him.

Williams v. New Jersey, No. 16-3195, 2017 WL 680296, at *1 (D.N.J. Feb. 21, 2017) (internal citations omitted) (alterations in original).

Judge Simandle concluded Petitioner failed to exhaust his state court remedies and "ha[d] not shown extraordinary circumstances warranting federal intervention at this time . . . ." Id. at *3. He denied the motion for an injunction and dismissed the petition "without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies." Id. Judge Simandle declined to issue a certificate of appealability, id., and Petitioner did not seek one from the United States Court of Appeals for the Third Circuit.

Petitioner was subsequently convicted in state court. ECF No. 7 at 4. He challenged the conviction under 28 U.S.C. § 2254. See Williams v. Nogan, No. 19-21368 (D.N.J. filed Dec. 13, 2019). The Honorable Susan D. Wigenton, D.N.J., stayed the petition because Petitioner's direct appeal was still pending in the state courts. ECF No. 7 at 28.

On January 19, 2021, the New Jersey Supreme Court vacated Petitioner's conviction and remanded to the Superior Court Law

3

Division for a new trial.  State v. Williams, 243 A.3d 647 (N.J. 2021).[3]  Thereafter, Judge Wigenton dismissed the § 2254 petition as moot "as this Court no longer has a meaningful opportunity to provide [Petitioner] with relief in light of the vacation of his conviction by the New Jersey Supreme Court."  Order of Dismissal, No. 19-21368 (Jan. 25, 2021) (ECF No. 19).

Petitioner filed the instant motion on March 1, 2021.  ECF No. 7.

II.  STANDARD OF REVIEW

A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).  Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Moolenaar v. Gov. of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).

Rule 60(b)(6) permits a court to relieve a party from a final judgment for any reason that justifies relief.  "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment."  Michael v. Wetzel, 570 F. App'x

---

[3] The New Jersey Supreme Court's decision was based on prosecutorial error during summation and did not address Petitioner's Fourth Amendment arguments.  See 243 A.3d at 652.

4

176, 180 (3d Cir. 2014) (quoting Gonzalez v. Crosby, 545 U.S. 524, 536 (2005)).  "[E]xtraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'"  Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

III. DISCUSSION

The Supreme Court has noted that "our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.  Such circumstances will rarely occur in the habeas context."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).  The Court concludes that Petitioner has not shown the extraordinary circumstances necessary for relief under Rule 60(b)(6) in this case.[4]

Petitioner argues relief from Judge Simandle's order is necessary because "it has been over six (6) years of delay in attempting to vindicate himself in state and federal courts."  ECF No. 7 at 5.  He asserts that because the state courts never meaningfully engaged with his Fourth Amendment claims, "the

---

[4] The Court has pretrial habeas jurisdiction under § 2241 since the New Jersey Supreme Court reversed Petitioner's convictions.  See Green v. Ct. of Common Pleas, No. 08-1749, 2008 WL 2036828, at *6 (E.D. Pa. May 9, 2008) (holding "[section] 2241 presents the appropriate statutory basis for this habeas Petition" challenging a retrial and citing cases).

5

circumstances of this case warrant the extraordinary remedy of precluding the prosecution from retrying Petitioner on the charge stemming from the unconstitutional arrest." Id.  The Court disagrees.

"[I]nvocation of the 'extraordinary circumstances' exception must bring into play the suggestion of an inability of the state forum to afford an adequate remedy at law." Moore v. DeYoung, 515 F.2d 437, 448 (3d Cir. 1975) (internal citation omitted).  There is no such suggestion here; Petitioner's robbery conviction was reversed by the New Jersey Supreme Court, which demonstrates the state courts can address Petitioner's challenges to prosecution.  "'Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship.'" Id. at 449 (quoting Cobbledick v. United States, 309 U.S. 323, 325 (1940)).  Petitioner's challenge to the veracity of the evidence and the State's witnesses is not the "unique" circumstance that would justify a federal court enjoining a state prosecution.  See id. at 447-48 (citing Younger v. Harris, 401 U.S. 37, 46, 53 (1971)).  As such, it would be futile to reopen Petitioner's case and allow the § 2241 petition to proceed.

As Petitioner has not shown the extraordinary circumstances necessary to justify relief under Rule 60(b)(6), the Court will deny the motion.

IV.   CERTIFICATE OF APPEALABLITY

To the extent a certificate of appealability is required, the Court declines to issue one.  Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2).  The Court concludes Petitioner has not made a substantial showing of the denial of a constitutional right and will deny a certificate of appealability.

V.   CONCLUSION

The Court will deny the motion for relief from judgment.  The Court declines to issue a certificate of appealability.  An appropriate Order will be entered.


Dated: October 7, 2021              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

7